IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAVALLA GRUNDEN,<br><br>       Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 10-569<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 29th day of September, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, granted, and the Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, denied. The case will be remanded to the Commissioner for further proceedings consistent with this Memorandum Judgment Order pursuant to sentence 4 of 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), quoting, Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed. . . .'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003), quoting, Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979). These well-established principles dictate that the court remand this case to the Commissioner for further proceedings at step 3 of the sequential evaluation process consistent with this Memorandum Judgment Order.

Plaintiff filed her application for SSI on April 20, 2007, alleging disability beginning on August 16, 2005, due to mood swings, anxiety, a learning disorder and post-traumatic stress disorder. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on September 12, 2008. On October 14, 2008, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for

review on March 11, 2010, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who obtained a high school education through a special education curriculum, was 22 years old when the ALJ issued his decision and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff does not have any past relevant work experience, and she has not engaged in substantial gainful activity at any time since filing her application.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that plaintiff suffers from the severe impairments of major depression, post-traumatic stress disorder, a cognitive disorder and borderline intellectual functioning. However, the ALJ determined that plaintiff's impairments, either alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform work at all exertional levels, but she is limited by certain non-exertional limitations. Plaintiff is limited to simple, routine, repetitive work that is performed in a low stress environment. In addition, she requires work that does not involve complex decision making, changes in the workplace

or production rate pace. Finally, plaintiff is limited to only occasional contact with the public, co-workers and supervisors (collectively, the "RFC Finding").

Based on the vocational expert's testimony, the ALJ concluded that plaintiff's vocational factors and residual functional capacity permit her to perform work that exists in significant numbers in the national economy, such as a laundry worker, cleaner/housekeeper or stock clerk. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the

claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's step 3 finding by arguing the ALJ erred in failing to find that she meets Listing §12.05C for mental retardation. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. Burnett v. Commissioner of Social Security Admin., 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

The listing for mental retardation set forth in §12.05C of Appendix 1 provides as follows:

> 12.05. Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> * * *
>
> C. A valid verbal, performance, or full scale IQ of 60

> through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.05(C).

The ALJ found plaintiff does not meet Listing 12.05C because "[a]s a threshold matter . . . [he was] not convinced that [plaintiff] has exhibited deficits in adaptive functioning as required in the preamble to [that listing]." (R. 58). The ALJ noted that plaintiff completed high school through a special curriculum, obtained a residence, obtained unskilled employment, had a boyfriend and could handle her finances, thus he found "no indication of severe deficits in adaptive functioning before the age of 22 . . . ." (R. 58). Because the ALJ concluded that plaintiff did not meet what he characterized as the threshold criterion of Listing 12.05, he did not analyze whether she met the other requirements of that listing.

Plaintiff claims that she meets Listing 12.05C because she satisfied the IQ test score requirement with a performance IQ of 67 and a full scale IQ of 70,[1] (R. 284), and her severe impairments of major depression, post-traumatic stress disorder and cognitive disorder impose additional and significant work-

---

[1] To satisfy the requirement of Listing 12.05C that the claimant must have a valid verbal, performance or full scale IQ of 60 through 70, the Regulations only require that one of those IQ scores be in the 60 through 70 range. See Listing §12.00D.6.c. ("...where verbal, performance, and full scale IQs are provided ... we use the lowest of these in conjunction with 12.05"); see also Markle v. Barnhart, 324 F.3d 182, 186 (3d Cir. 2003) (recognizing that the lowest of these three IQ scores is to be utilized in making a determination under §12.05C).

related limitations of function.[2] Plaintiff also points out that she turned 22 years old less than one month before the ALJ issued his decision so there is no question that the onset of her impairment met the age requirement of the listing.

According to plaintiff, despite having satisfied the requirements of Listing 12.05C discussed above, the ALJ erroneously concluded that listing also requires a claimant to prove the existence of deficits in adaptive functioning. Conversely, defendant contends the plain language of Listing 12.05C clearly requires plaintiff to satisfy the introductory paragraph's requirement that "deficits in adaptive functioning" manifest before age 22. For reasons explained below, the court concludes that plaintiff must show she has deficits in adaptive functioning to establish that she meets Listing 12.05C.

As an initial matter, in order for a claimant's impairment to meet a listing, she must satisfy all criteria of the listing at issue. See Sullivan v. Zebley, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria."); see also 20 C.F.R. 416.925(d) ("To meet the requirements of a listing, [a claimant] must have a medically determinable impairment(s) that satisfies

---

[2] As stated, the ALJ found that plaintiff's major depression, post-traumatic stress disorder and cognitive disorder are severe impairments. (R. 57). That finding satisfies the requirement of Listing 12.05C that the claimant have a physical or other mental impairment imposing an additional and significant work-related limitation of function. See Markle, 324 F.3d at 188 (holding that a finding of a severe impairment establishes that the claimant has a physical or other mental impairment imposing an additional and significant work-related limitation of function under Listing 12.05C).

all of the criteria of the listing.").

More specifically for purposes of this case, the requirement that a claimant's impairment must meet all criteria of Listing 12.05C for mental retardation, including the introductory paragraph, is clearly and unequivocally stated in the explanatory material to the mental disorder listings:

> Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation. It also contains four sets of criteria (paragraphs A through D). If [a claimant's] impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that [the claimant's] impairment meets the listing.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00A. The United States Court of Appeals for the Third Circuit agrees that a claimant's impairment must satisfy the requirements of the introductory paragraph of Listing 12.05C. In Gist v. Barnhart, 67 Fed. Appx. 78 (3d Cir. 2003), the Court of Appeals held, "[a]s is true in regard to any 12.05 listing, before demonstrating the specific requirements of Listing 12.05C, a claimant must show proof of a 'deficit in adaptive functioning' with an initial onset prior to age 22." Id. at 81; see also, Cortes v. Commissioner of Social Security, 255 Fed. Appx. 646, 651 (3d Cir. 2007) (to meet the listing for mental retardation, the claimant must prove, inter alia, "subaverage general intellectual functioning with deficits in adaptive functioning" manifesting before age 22).[3] Therefore,

---

[3] In support of her argument that she need not prove deficits in adaptive functioning to show she meets Listing 12.05C, plaintiff relies on Markle v. Barnhart, 324 F.3d 182 (3d Cir. 2003). The Third Circuit in Markle held that in order to meet the requirements of §12.05C, a claimant "must i) have a valid verbal, performance or full scale IQ of 60 through 70, ii) have a physical or

pursuant to the Regulations and case law, a claimant seeking to establish that she meets Listing 12.05C must satisfy the requirement of "deficits in adaptive functioning" set forth in the introductory paragraph of §12.05.

Next, we must consider whether the ALJ's finding that plaintiff has not exhibited deficits in adaptive functioning is supported by substantial evidence. After reviewing the ALJ's step 3 finding, the court cannot meaningfully determine his basis for concluding that plaintiff does not satisfy the requirement of deficits in adaptive functioning. See Jones v. Barnhart, 364 F.3d

---

other mental impairment imposing additional and significant work-related limitations of function, and iii) show that the mental retardation was initially manifested during the developmental period (before age 22)." Id. at 187. Plaintiff apparently relies on the fact that Markle does not specifically mention the need to establish deficits in adaptive functioning. However, as discussed above, the Third Circuit subsequently held in both Gist and Cortes that a claimant must show proof of a deficit in adaptive functioning to establish that she meets Listing 12.05C. Although Gist and Cortes are unpublished decisions, they are precedent from the Third Circuit Court of Appeals that this court is obliged to consider. Those decisions, in conjunction with the clear and unequivocal pronouncement made in the explanatory material to the mental disorder listings, see 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00A, convince this court that a claimant must satisfy the requirement of deficits in adaptive functioning to establish that she meets Listing 12.05C. Other cases in this district likewise have held that a claimant seeking to prove she meets Listing 12.05C must establish she meets the introductory paragraph of §12.05 requiring deficits in adaptive functioning with an onset before age 22, as well as the subsection C requirements of a valid verbal, performance or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function. See Thompson v. Commissioner of Social Security, 2008 WL 4360986, at *3 (W.D. Pa. Sept. 24, 2008) (Bloch, J.); Logan v. Astrue, 2008 WL 4279820, at *7-8 (W.D. Pa. Sept. 16, 2008) (Fischer, J). To the extent that contrary decisions have been issued by courts in this district, see Schmidt v. Commissioner of Social Security, 2009 WL 5206019, at *9 (W.D. Pa. Dec. 23, 2009) (citing cases) (McVerry, J.), this court respectfully disagrees.
Moreover, to the extent plaintiff suggests this member of the court previously has held in the case of Airgood v. Astrue, 2010 WL 170404 (W.D. Pa. Jan. 13, 2010) that a claimant need not prove deficits in adaptive functioning to establish she meets Listing 12.05C, plaintiff is incorrect. Whether the plaintiff in Airgood had deficits in adaptive functioning was not at issue in that case. Rather, the issue was whether the ALJ's findings that plaintiff did not meet the IQ score requirement and did not have another severe impairment imposing an additional and significant work-related limitation of function were supported by substantial evidence.

501, 505 (3d Cir. 2004) (requiring the ALJ to sufficiently explain his findings to permit meaningful review).

As Judge Nora Barry Fischer explained in Logan v. Astrue, 2008 WL 4279820 (W.D. Pa. Sept. 16, 2008), the Regulations do not define "deficits of adaptive functioning", nor do they identify guidelines by which to assess the existence or severity of a claimant's alleged deficits. Id. at *8. Likewise, there is no Third Circuit case that addresses this issue. Id.

Judge Fischer also pointed out, however, that the Social Security Administration ("SSA") issued a regulation entitled "Technical Revisions to Medical Criteria for Determinations of Disability", 67 FR 20018-01 (April 24, 2002), which provides us with guidance on the matter. The SSA explained it had chosen not to adopt the definition of "mental retardation", i.e., "deficits in adaptive functioning" found in the Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV"). Logan, 2008 WL 4279820, at *8. Instead, the SSA considered the different definitions utilized by the four major professional organizations in the United States that deal with mental retardation, including the American Psychiatric Association ("APA") and the American Association on Mental Retardation ("AAMR") (now known as the American Association on Intellectual and Developmental Disabilities). Id. The various definitions all require significant deficits in intellectual functioning, but differ as to the age of onset and the method of measuring the required deficits in adaptive functioning. Id. The SSA clarified that it did not

seek to endorse the methodology of one professional organization over another, and would allow use of any of the measurement methods endorsed by one of the professional organizations. Id. According to the SSA, to assess a claimant's alleged mental retardation to determine if deficits in adaptive functioning exist, an ALJ should consult either the APA's DSM-IV, the standard set forth by AAMR or the criteria of the other major professional organizations that deal with mental retardation. Id.

In this case, it is not clear from the ALJ's decision which organization's measurement method, if any, he used to assess whether plaintiff has "deficits in adaptive functioning." Although the ALJ noted that plaintiff completed high school through a special curriculum, obtained a residence, obtained part-time unskilled employment for a brief time, had a boyfriend and could handle finances, the court is left to guess as to which measurement method the ALJ attempted to employ in his analysis, and whether he fully considered the criteria of that method. Thus, the ALJ's assessment of whether plaintiff has "deficits in adaptive functioning" fails to comply with the SSA's directive in Technical Revisions to Medical Criteria for Determinations of Disability. Accordingly, remand is required so the ALJ can explain what measurement method he used to determine whether plaintiff has established that she has deficits in adaptive functioning.[4]

---

[4] The court notes that plaintiff must present evidence that shows she meets all the criteria of Listing 12.05C. See Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992).

AO 72
(Rev. 8/82)

The court also is troubled by another aspect of the ALJ's step 3 finding. The ALJ concluded he finds "no indication of <u>severe</u> deficits in adaptive functioning before the age of 22." (R. 58) (emphasis added). Listing 12.05 only requires that a claimant have "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested . . . before age 22." There is no specific severity requirement set forth in Listing 12.05. To the extent the ALJ may have imposed a heightened standard for the assessment of deficits in adaptive functioning beyond any measurement method established by one of the four major professional organizations, it was error to do so.

For reasons discussed herein, this case requires remand so that the ALJ may properly evaluate whether plaintiff has deficits in adaptive functioning. In doing so, the ALJ shall identify which measurement method he is relying upon to conduct his evaluation. If the ALJ concludes that plaintiff has deficits in adaptive functioning, he shall make a finding whether she has established that she satisfies all other requirements of Listing 12.05C.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the

Commissioner for further proceedings consistent with this Memorandum Judgment Order.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
521 Cedar Way
Suite 200
Oakmont, PA 15139

Michael Colville
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219